IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RODNEY SHANE FULGHAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO. 5:14-CV-68-WLS-MSH |
| | : | 42 U.S.C. § 1983 |
| GREGORY McLAUGHLIN, DON BLAKELY, and MISTIE JONES, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

Plaintiff Rodney Fulgham has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 while confined at Macon State Prison. (ECF No. 1.) Plaintiff also filed a motion to proceed *in forma pauperis*. (ECF No. 2.) Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay the filing fee. The Court thus **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). The filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full filing fee, as is directed later in this Order. The Clerk of Court shall accordingly send a copy of this Order to the warden and/or business manager of Macon State Prison.

As explained below, the claims in Plaintiff's Complaint are subject to preliminary review under 28 U.S.C. § 1915A.

## DISCUSSION

### I. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Even so, a district court must dismiss a prisoner complaint after the initial review if: (1) it is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); *see also* 28 U.S.C. §1915(e)(2)(B) (requiring the same of pleadings filed parties proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

When determining whether a complaint fails to state a claim, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)."). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, a complaint should not be dismissed "simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a §1983 complaint because factual allegations were insufficient to support alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion

3

thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II.     Analysis of Claims

Plaintiff[1] sues Macon State Prison ("MSP") Warden Gregory McLaughlin, Deputy Warden of Security Don Blakely, and Deputy Warden of Care and Treatment Mistie Jones. (Compl. 4, ECF No. 1.) He alleges that on August 30, 2013, several inmates who claimed to be "Gangster Disciples" approached him and threatened to kill him if he did not pay them money. (*Id.*) Plaintiff informed the shift supervisor about this incident, who then placed Plaintiff in protective custody. (*Id.*) On October 27, 2013, almost two months later, Plaintiff was removed from protective custody and placed in "Tier II" which he claims is a disciplinary program for problem inmates. (*Id.*) Plaintiff alleges he had not received any discipline reports so he asked Defendant Jones why he had been removed from protective custody. Plaintiff asserts that Defendant Jones informed him that per the prison's Standard Operating Procedure Manual, he "could not be placed on protective custody because [he] could not provide Government names of the threatening inmates." (*Id.*) Plaintiff contends he did not personally know the inmates and thus, could not provide their "Government names." Plaintiff states that he read the SOP Manual and found that in "Ref. # IIB09-0002 VI-A-1" he is only required to provide the names of the inmates who threatened him if they are known. (*Id.*) Plaintiff contends he then wrote to Defendants McLaughlin, Blakely, and Jones to ask about the policy, but did not receive

---

[1] Plaintiff is currently serving a five year sentence for conspiracy to furnish prohibited items to inmates and criminal interference with government property. (Compl. 1.)

any response. He alleges that since November 20, 2013, when he filed a grievance regarding the matter, he has received two separate disciplinary reports from Defendants McLaughlin and Blakely. (*Id.*)

Plaintiff claims his First Amendment rights were violated because the Defendants retaliated against him by filing disciplinary reports after he filed a grievance.[2] (*Id.*) Plaintiff also contends his Eighth Amendment rights to be free from cruel and unusual punishment were violated because the Defendants unjustly placed him in the Tier II Disciplinary Program. Lastly, Plaintiff claims his Fourteenth Amendment right "to be free from deprivation of liberty interest without procedural due process" was violated. (*Id.*) Plaintiff seeks compensatory damages in the amount of $20,000, as well as an injunction and/or declaratory judgment regarding the violations. (*Id.*)

### A. Prison Placement

#### i. *Fourteenth Amendment*

To the extent Plaintiff has attempted to state a due process claim based on his placement in the Tier II Disciplinary Program, these allegations do not describe violations of Plaintiff's rights under the Due Process Clause. Prisoners have no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison. *See Kramer v. Donal*d, 286 F. App'x 674, 676 (11th Cir.2008) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976) (no due process protections were required upon the discretionary transfer of state prisoners to a

---

[2] It is noted that Plaintiff alleges he is afraid to list witnesses to the acts in question for fear of retaliation from the administration at MSP. (Compl. 6.) However, Plaintiff contends the retaliation has already occurred.

substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate); *Moody v. Daggett*, 429 U.S. 78, 87 (1976) (prison officials have full discretion to control conditions of confinement, including prisoner classification) (citing 18 U.S.C. § 4081).

For the same reason, any claims Plaintiff has with regard to a due process violation because the Defendants failed to respond to his grievances must fail. (Compl. 4.) The Eleventh Circuit has agreed with other circuit courts in finding that a prisoner does not have a constitutionally-protected liberty interest to an inmate grievance procedure. *Thomas v. Warner,* 237 F. App'x 435, **2 (11th Cir. 2007) (citations omitted). "Plaintiff's allegations that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." *Id.* Therefore, Plaintiff's due process allegations fail to state a valid claim for relief in this case.

> ii. *Eighth Amendment*

Furthermore, although Plaintiff claims he has an Eighth Amendment right to be free from cruel and unusual punishment, there is no allegation in the complaint that being placed in Tier II constitutes, in itself, cruel and unusual punishment. To constitute cruel and unusual punishment, a plaintiff must establish an "unnecessary and wanton infliction of pain [and] the imposition of pain totally without penological justification." *Evans v. Dugger*, 908 F.2d 801, 803 (11th Cir.1990); *see also McReynolds v. Ala. Dep't of Youth Servs.*, 204 F. App'x 819, 821-22 (11th Cir. 2006); *Lee v. Griner*, 188 F. App'x 877, 878 (11th Cir. 2006); *Johnson v. Breeden*, 280 F.3d 1308, 1321 (11th Cir. 2002). Even construing the complaint liberally in favor of Plaintiff, the Court finds that Plaintiff has

not alleged any facts suggesting that the Defendants' placement of Plaintiff into the Disciplinary Program in Tier II was done to cause an unnecessary infliction of pain or to impose pain that was without justification. Defendants' removal of Plaintiff from protective custody to Tier II does not rise to the level of a constitutional violation.

Therefore, it is **RECOMMENDED** that all claims regarding the transfer of Plaintiff out of protective custody and into the Disciplinary Program be dismissed. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

### B.     Retaliation Claims

Plaintiff's claims that the disciplinary reports filed by Defendants McLaughlin and Blakely violated his First Amendment rights to complain about his placement in the prison. (Compl. 4.)   The Eleventh Circuit has held that:

> The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." It is well established that a prisoner exercises his First Amendment right when he complains about his conditions of confinement. An inmate may maintain a cause of action for retaliation by showing that a prison official's actions were "the result of [the inmate's] having filed a grievance concerning the conditions of his imprisonment."

*Bumpus v. Watts*, 448 F. App'x 3, **2 (11th Cir. 2011) (internal citations and quotations omitted).  Although further factual development of these claims is necessary, Plaintiff's procedural retaliation claims should be allowed to go forward against Defendants McLaughlin and Blakely.

It is noted that Defendant Mistie Jones is not referenced in this claim, and Plaintiff has not alleged that she was involved in the issuance of the disciplinary reports nor the retaliation actions at issue. Defendant Jones is only mentioned in Plaintiff's complaint when he stated that he asked her why he was transferred out of protective custody and she told him it was because he would not provide the prison with the names of the inmates who threatened him. (Compl. 4.) The only other mention of Defendant Jones is when Plaintiff stated he wrote to all three of the Defendants to inform them of the SOP Manual's policy regarding the naming of inmates. (*Id.*) As such, it is **RECOMMENDED** that Defendant Jones be dismissed as a party in this action. Again, Plaintiff is notified that pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) DAYS after being served with a copy hereof.

## ORDER OF SERVICE

It is hereby **ORDERED** that service be made on Defendants McLaughlin and Blakely solely as to Plaintiff's claim of retaliation. The Defendants shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall, at all times, keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.

8

Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by

the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

11

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

SO ORDERED and RECOMMENDED, this 24th day of March, 2014.

S/ Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE